# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TONYA SELLERS,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1459-Orl-28DAB**

**THRIFTY NICKEL OF ORLANDO, INC.,**
**W.J. BAUER, INC., CLAYTON FERRILL,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES (Doc. No. 16)**
>
> **FILED:** May 18, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This Fair Labor Standards Act case comes before the Court in such an odd (but not unprecedented) posture. Plaintiff sued Defendants for unpaid overtime and minimum wages of $959.53, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law; in the alternative, Plaintiff sought to recover for bad checks used to pay her $959.53 in wages. Doc. No. 1. Following service of process

(Doc. Nos. 6-8), Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 11).  A default was entered on March 3, 2005. (Doc. No. 12).

According to Plaintiff, Defendants "tendered a settlement to the Plaintiff in the amount of $959.53 and have delivered a money order to counsel for the Plaintiff in satisfaction thereof."  Doc. No. 15 at 1.  Defendants, however, did not pay Plaintiff's legal fees and costs.  Thus, Plaintiff moved for attorney's fees and costs from Thrifty Nickel of Orlando, Inc. and W.J. Bauer, Inc. d.b.a. Thrifty Nickel Want Ads[1] on May 18, 3005 (Doc. No. 15).  Plaintiff has filed an Affidavit (Doc. No. 16) as to fees and costs incurred, and the matter is now ripe for resolution.

At issue is Plaintiff's entitlement to an award of attorney's fees and costs, absent a money judgment for damages on the merits of the Fair Labor claim.  The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint.  Thus, by defaulting, Defendants have already conceded liability, regardless of whether they tendered payment.  Although entitled a "motion to determine entitlement and amount of attorneys fees and costs," the motion is really, then, a motion for entry of a default judgment.  The significance of Defendants' payment, for present purposes, is an admission by Plaintiff that no money damages for unpaid wages are due to be awarded in the judgment.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon*

---

[1] The third defendant, Clayton Ferrill, filed bankruptcy on April 27, 2005, and Plaintiff does not seek a judgment against him.  Doc. No. 15 at 2.

*& Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to *any* judgment" (emphasis added), it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers.

As Defendants have defaulted and have not objected to Plaintiff's motion, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability. Plaintiff does not petition for money damages, and the amount due to be awarded is zero. While the Court has reservations in recommending the entry of an empty judgment, in view of the procedural posture of the case (post default), the remedial nature of the action, and the lack of objection by Defendants, the Court finds that the purpose of FLSA is best served by allowing the entry of a zero judgment, which is sufficient to trigger an award of *reasonable* fees and costs.[2]

That said, Plaintiff's counsel avers that he spent eight hours of time prosecuting this matter, at an hourly rate of $250.00 per hour. Counsel has offered no itemization of his services, and the Court cannot discern from the file what took eight hours of senior attorney time. The complaint used is one the Court has seen counsel use in many other cases. Defendants defaulted and promptly paid

---

[2] Indeed, to hold otherwise could undermine a worker's ability to recover his unpaid wages. Most (if not all) such FLSA cases are brought by counsel with the expectation that he or she will be paid from the mandatory attorney's fee award, should the client prevail. If an employer can avoid paying any attorney's fee or costs by paying the unpaid wages at any time prior to the actual entry of judgment, it behooves the employer to take a wait and see attitude about paying disputed wages, paying claims only after suit is actually brought, as there is no longer any benefit to settling a claim prior to suit being filed. Moreover, a low wage earner would have great difficulty finding an attorney willing to take such a case, if fees could be avoided by tender of past due wages. (Of course, the Plaintiff could refuse the tender as insufficient, if it lacks any provision for fees.)

-3-

the principal amount due. No discovery occurred, no motion practice was needed, save for the almost ministerial act of moving for clerk's default, responding to orders to show cause why the case was not being prosecuted, and the instant motion, and there is no indication that any other legal work of substance was undertaken. While the Court is aware of the remedial nature of FLSA, the amount of unpaid wages in this case was approximately $959.53, a relatively small amount. The requested fee, two and a half times the amount at issue, is not reasonable. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against from Thrifty Nickel of Orlando, Inc. and W.J. Bauer, Inc. d.b.a. Thrifty Nickel Want Ads in the amount of zero dollars in damages, **$1,000.00** in attorney's fees, and **$285.00** in costs (filing fee and service of process charge). With respect to the individual Defendant, it is recommended that the case be administratively closed and the Plaintiff be required to file a status report every 60 days regarding the bankruptcy (unless Plaintiff notifies the Court that she wishes to drop the claim against the individual Defendant).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 1, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy